UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN WHEELER SMITH, § § Plaintiff, § § v. § § FIFTH THIRD BANK, N.A. DBA FIRST § THIRD MORTGAGE COMPANY, § § Defendant. § | Civil Action No. 3:20-cv-3291 With Jury Demand Endorsed |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Brian Wheeler Smith ("Plaintiff"), by and through counsel, for his Complaint against Defendant Fifth Third Bank, N.A. dba First Third Mortgage Company ("Defendant"), states as follows:

### I. INTRODUCTION

1. Defendant engaged in willful, malicious, deceptive, and harassing actions against Plaintiff in furtherance of its efforts to illegally collect on debt from him when it was legally uncollectible because it was subject to the automatic stay or discharge injunction in force and effect as a result of Plaintiff's Chapter 7 bankruptcy case. Defendant's actions at issue include: 1) sending Plaintiff periodic billing statements demanding payment in a specified amount alleged to be "past due" by a certain date and 2) sending letters and other correspondence to the Plaintiff.

2. Specifically, Plaintiff claims Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.,* known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy; 3) the automatic stay; and 4) the discharge injunction of the United States Bankruptcy

Court for the Northern District of Texas, Dallas Division. Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3. Plaintiff is a natural person residing in Dallas County, Texas and a "consumer," as defined in the TDCA, Tex. Fin. Code § 392.001(1).

4. Defendant is a foreign national bank that may be served by delivering a summons to Tayfun Tuzun, Executive Vice President and Chief Financial Officer, Fifth Third Bank, N.A., 38 Fountain Square, Cincinnati, Ohio 45263.

5. Defendant is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3)(6) and (7).

6. The debt Defendant was attempting to collect from Plaintiff was a "consumer debt," as defined by Tex. Fin. Code § 392.001(2).

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 15 U.S.C. § 1681p.

8. Venue is proper this district because Plaintiff filed his bankruptcy case in this district and the conduct complained of occurred in this district.

## IV. FACTUAL ALLEGATIONS

**A.     Plaintiff Filed a Bankruptcy Case, Surrendered the Collateral Property, and Received a Discharge of His Personal Liability for the Subject Mortgage Debt.**

9. On May 18, 2018, Plaintiff filed Chapter 7 bankruptcy in case number 18-31680-sgj7 ("Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("Bankruptcy Court").

**1)  Plaintiff Included Information About the Account and Collateral in His Schedules Filed with His Bankruptcy Petition.**

10. On Schedule "D," filed with his bankruptcy petition, Plaintiff listed the Defendant's account number ending in 3739 (the "Account") as a secured claim, secured by a lien on real property located at 1042 Pearl St., Martins Ferry, Ohio 43935 (the "Property").

11. A true and correct copy of relevant excerpts of Plaintiff's Schedule "D" is attached hereto as Exhibit "A."

**2)  Plaintiff Provided Notice of His Surrender of the Collateral Property with His Bankruptcy Petition.**

12. Also, on May 18, 2018, Plaintiff filed his Statement of Intention for Individuals Filing Under Chapter 7 indicating he was surrendering the Property. At all relevant times, Defendant was exempt from Regulation Z pertaining to sending statements on residential mortgage loans to consumers in bankruptcy because Plaintiff filed a Statement of Intention which gave notice to the Defendant that the Property was to be surrendered and because the automatic stay had been lifted to allow Defendant to foreclose on the Property.

13. A true and correct copy of relevant excerpts of Plaintiff's Statement of Intention is attached hereto as Exhibit "B."

**3)  Notice was Provided to Defendant of Plaintiff's Bankruptcy Case and the Automatic Stay Prohibiting Creditors and Debt Collectors from Contacting Plaintiff.**

14. On or about May 20, 2018, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" ("341 Notice") to Defendant, by first class mail. The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362. The United States Postal Service did not return the 341 Notice sent to Defendant, creating a presumption it was received by Defendant.

15. On June 7, 2018, Defendant filed a Motion for Relief from Stay and on June 18, 2018 an Agreed Order was signed lifting the automatic stay.

16. A true and correct copy of the Agreed Order Granting Motion for Relief from the Automatic Stay is attached hereto as Exhibit "C."

**4)      The Subject Debt on the Account was Discharged as to Plaintiff's Personal Liability.**

17. On August 22, 2018, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order"). The Discharge Order followed Official Form 318, including the explanatory language contained therein. The Discharge Order discharged Plaintiff from any liability for the debt created by the Account.

18. Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "**Creditors cannot collect discharged debts**" and that "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

**5)      Defendant Received Notice of Plaintiff's Discharge and the Explanation About the Discharge Injunction, Permanently Prohibiting Defendant from Taking Collection Activity Against Plaintiff on the Account.**

19. On August 25, 2018, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to Defendant by first class mail. This mailing, which was not returned, constituted notice to Defendant of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

20. A true and correct redacted copy of the Discharge Order as mailed by the Bankruptcy Noticing Center is attached hereto as Exhibit "D."

21. At no time during the pendency of Plaintiff's Bankruptcy Case did Defendant or any other person or entity object to or dispute the details or completeness of the claim regarding the Account listed on Schedule "D" to Plaintiff's Petition.

22. At no time did Plaintiff reaffirm the debt on the Account with any person or entity.

23. At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.   During Plaintiff's Bankruptcy and Post-Discharge, Defendant Attempted to Collect the Debt on the Account from Plaintiff Personally and Made Harassing and Offensive Contacts with Him.**

24. Defendant engaged in prohibited, coercive, deceptive, and harassing actions against Plaintiff in furtherance of Defendant's illegal debt collection activity. Defendant took these actions even though Defendant knew Plaintiff had surrendered the Property and that taking such collection actions against Plaintiff was illegal during this time period, as the automatic stay or discharge injunction was in effect.

25. During the Bankruptcy Case and following the August 22, 2018 entry of the Discharge Order, Defendant engaged in prohibited debt collection activity against Plaintiff on the Account by sending Plaintiff correspondences, notices, and billing statements on the Account to harass, coerce and deceive Plaintiff to pay the discharged debt or take actions to financially benefit Defendant on the Account, to his detriment.

26. Defendant, during the Bankruptcy Case, sent Plaintiff billing statements with detachable payment coupons on the Account, demanding an "Amount Due," stated in a specified dollar amount, by a specific "Payment Due Date," and which charged Plaintiff fee(s) for inspection and/or property services if the loan account is in default. The statements also include instructions on how to make the payment.

27. For example, on or about August 17, 2018, Defendant sent Plaintiff a Mortgage Loan Statement, together with payment coupon and return envelope, demanding a payment of $13,430.36 due on September 1, 2018, which included over $2,200 in late charges and other fees, and representing that the sum of $57,795.86 was the outstanding principal balance. The statement goes on to say "If payment is received after 09/16/2018, $15.35 late fee will be charged." The statement further advises: "*****DELINQUENCY NOTICE*****, YOU ARE LATE ON YOUR MORTGAGE PAYMENTS. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 8/17/2018, you are 259 days delinquent on your mortgage loan."

28. A true and correct redacted copy of the August 17, 2018 statement is attached hereto as Exhibit "E."

29. On or about September 17, 2018, Defendant sent Plaintiff a Mortgage Loan Statement, together with payment coupon and return envelope, demanding a payment of $14,361.05 due on October 1, 2018, which included over $100 in late charges and other fees, and representing that the sum of $57,795.86 was the outstanding principal balance.

30. A true and correct redacted copy of the September 17, 2018 statement is attached hereto as Exhibit "F."

31. On or about October 17, 2018, Defendant sent Plaintiff a Mortgage Loan Statement, together with payment coupon and return envelope, demanding a payment of $15,291.74 due on November 1, 2018, which included over $100 in late charges and other fees, and representing that the sum of $57,795.86 was the outstanding principal balance. The statement goes on to say "If payment is received after 11/16/2018, $15.35 late fee will be charged." On page 3 of the statement, a late fee of $15.35 is shown to have been charged on October 17, 2018.

32. A true and correct redacted copy of the October 17, 2018 statement is attached hereto as Exhibit "G."

33. On or about November 19, 2018, Defendant sent Plaintiff a Mortgage Loan Statement, together with payment coupon and return envelope, demanding a payment of $17,222.43 due on December 1, 2018, which included over $1,100 in late charges and other fees, and representing that the sum of $57,795.86 was the outstanding principal balance. The statement goes on to say "If payment is received after 12/16/2018, $15.35 late fee will be charged." On page 3 of the statement, a late fee of $15.35 is shown to have been charged on November 17, 2018 as promised.

34. A true and correct redacted copy of the November 19, 2018 statement is attached hereto as Exhibit "H."

35. On or about December 17, 2018, Defendant sent Plaintiff a Mortgage Loan Statement, together with payment coupon and return envelope, demanding a payment of $18,121.12 due on January 1, 2019, which included over $75 in late charges and other fees, and representing that the sum of $57,795.86 was the outstanding principal balance. The statement goes on to say "If payment is received after 1/17/2019, $15.35 late fee will be charged." On Page 3 of the statement, a late fee of $15.35 is shown to have been charged on December 17, 2018 as promised.

36. A true and correct redacted copy of the December 17, 2018 statement is attached hereto as Exhibit "I."

37. On or about January 17, 2019, Defendant sent Plaintiff a Mortgage Loan Statement, together with payment coupon and return envelope, demanding a payment of $18,979.81 due on February 1, 2019, which included over $35 in late charges and other fees, and representing that

the sum of $57,795.86 was the outstanding principal balance. The statement goes on to say "If payment is received after 2/16/2019, $15.35 late fee will be charged." On page 3 of the statement, a late fee of $15.35 is shown to have been charged on January 17, 2019 as promised.

38. A true and correct redacted copy of the January 17, 2019 statement is attached hereto as Exhibit "J."

39. On or about February 18, 2019, Defendant sent Plaintiff a Mortgage Loan Statement, together with payment coupon and return envelope, demanding a payment of $20,954.50 due on March 1, 2019, which included over $1,700 in late charges and other fees, and representing that the sum of $57,795.86 was the outstanding principal balance. The statement goes on to say "If payment is received after 3/16/2019, $15.35 late fee will be charged." On page 3 of the statement, a late fee of $15.35 is shown to have been charged on February 17, 2019 as promised, along with a long list of many other charges.

40. A true and correct redacted copy of the February 18, 2019 statement is attached hereto as Exhibit "K."

## V. GROUNDS FOR RELIEF - COUNT I

### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

41. Plaintiff repeats, re-alleges, and incorporates by reference all previous Paragraphs above as if fully rewritten here.

42. Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

    a)    Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law. Inasmuch as: 1) the bankruptcy discharge injunction prohibits anyone from attempting to collect debts discharged in bankruptcy *in personam*; and 2) the common law protects Plaintiff's privacy rights; Defendant's actions against Plaintiff also violated the TDCA, as they were further illegal and

       harassing collections and contacts from Defendant to Plaintiff in violation of the TDCA, and the post-discharge representations Defendant made to Plaintiff that he still may be liable for the debt as stated in the subject letters, notices and statements;

b)    Tex. Fin. Code § 392.303(2) prohibits Defendant from collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.  Inasmuch as Defendant was attempting to charge late fees and inspection charges, it violated this section of the TDCA;

c)    Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiff's debt. Defendant misrepresented to Plaintiff, through the information printed in the subject billing statements, notices and letters by: 1) representing there were periodic payments due and owing by a specific date, with fees accruing; and 2) that the Account, which had been discharged, was past due and owing post-discharge, were to deceive Plaintiff into paying the discharged debt.  These were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA;

d)    Tex. Fin. Code § 392.304(a)(13) prohibits representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion, as here the post-discharge billing statements, notices and letters at issue represent that Plaintiff owed Defendant for "late fees" and other post-discharge assessed charges to the Account that were continuing to accrue every month post-discharge.  Since 11 U.S.C. § 524 prohibits Defendant from attempting to collect on the discharged debt on the Account, as Plaintiff was no longer personally liable for it upon discharge, for the same reasons stated in the preceding paragraphs, Defendant violated this section of the TDCA; and

e)    Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt, for the reasons stated in the preceding paragraphs; Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt, while Defendant knew the Account was discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectible from Plaintiff *in personam*.

43.    Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable to Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.  Also,

Plaintiff's injuries resulted from Defendant's malice, actual fraud, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

44. Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include his reasonable attorney's fees incurred in prosecuting this claim.

## VI. GROUNDS FOR RELIEF - COUNT II

### INVASION OF PRIVACY

45. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if rewritten here in his entirety.

46. At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant after the bankruptcy and post-discharge, when Plaintiff had surrendered and permanently vacated the Property prior to receiving his bankruptcy discharge. Thus, Defendant's sending of the post-discharge mortgage statements to him were invasions of Plaintiff's privacy rights. These wrongful acts of Defendant caused injury to Plaintiff.

47. Defendant's wrongful acts were invasions of Plaintiff's privacy rights and caused injury to Plaintiff which resulted in extreme emotional anguish, loss of time and inconvenience. Plaintiff's injuries resulted from Defendant's malice, entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII. GROUNDS FOR RELIEF- COUNT III

### VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY

48. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if rewritten here in his entirety.

49. At all times material to this proceeding, Defendant had actual knowledge about Plaintiff's Bankruptcy Case and the automatic stay.

50. Defendant attempted to collect from Plaintiff personally on the Account during his Bankruptcy Case, as evidenced by Defendant sending Plaintiff the Account statements, notices and correspondences at issue, as detailed in the paragraphs above, after Plaintiff filed his Bankruptcy Case. Defendant took these prohibited collection actions after Plaintiff had surrendered and permanently vacated the Property, about which Defendant had received notice in the Bankruptcy Case or prior thereto.

51. The totality of Defendant's actions at issue and the individual actions constitute violations of the automatic stay, as set forth in 11 U.S.C. §362.

52. The facts and background stated above demonstrate that Defendant knowingly and willfully violated the automatic stay as it concerns the bankruptcy filed by Plaintiff. With this prima facie showing, the duty is on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the orders and injunctions of the Bankruptcy Court by Defendant, Plaintiff must prevail on his claims, and Defendant must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court with regard to the filing and pendency of Plaintiff's Bankruptcy Case, resulting in the automatic stay being in effect which prohibited all contacts with Plaintiff in furtherance of *in personam* collection actions on the Account.

53. Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for its conduct and actions. Any allegation of a good faith exception should not be allowed.

54. Defendant violated the part of the Bankruptcy Court's Automatic Stay pertaining to 11 U.S.C. § 362(a)(1) which "operates as a stay, applicable to all entities, of—the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding agains the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim agains the debtor that arouse before the commencement of the case under this title;…", regarding all of Defendant's prohibited correspondences it sent to Plaintiff at issue during the pendency of the Bankruptcy Case.

55. No exceptions exist under 11 U.S.C. §§ 362 or any other provision of the United States Bankruptcy Code or other applicable law that permit the conduct of Defendant at issue with regard to violating the automatic stay, as stated above.

56. The orders and injunctions of the Bankruptcy Court cannot be waived, except by the virtue of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint. None of the aforementioned has been approved by the Court here, and no waiver of the automatic stay, orders or injunctions of the Court has occurred in Plaintiff's Bankruptcy Case as pertaining to the rights and remedies of Defendant.

57. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to violations of the orders and injunctions of the Bankruptcy Court. Any attempt to burden Plaintiff with policing the misconduct of Defendant would be a complete derogation of the law. It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance. Any such defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any defense put forth by Defendant in this case can only

constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and action of Defendant. No allegation of a mitigation as a defense should be allowed.

58. Plaintiff has been injured and damaged by Defendant's actions and is entitled to recover judgment against Defendant, for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for violations of 11 U.S.C. § 362 and pursuant to the Court's powers under 11 U.S.C. § 105.

### VIII. GROUNDS FOR RELIEF- COUNT III

#### VIOLATION OF THE DISCHARGE INJUNCTION

59. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above, as if set forth herein in his entirety.

60. At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

61. Defendant attempted to collect from Plaintiff personally on the discharged debt or to get Plaintiff to take action to benefit the Defendant, as evidenced by the sending of the post-discharge mortgage statements and other correspondence when the Property had already been surrendered and the debt discharged.

62. Defendant's actions were willful acts in furtherance of its efforts to collect the discharged debt from Plaintiff in violation of the discharge injunction imposed by 11 U.S.C. § 524(a). Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff to pay the discharged debt. Defendant's failure to comply with the aforesaid laws, despite Defendant's being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

63. The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

64. Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff.  After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on his claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

65. Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived . . ."

66. There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

67. The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint,

none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

68. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court.  Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law.  It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance.  Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited.  Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

69. Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

### IX. VICARIOUS LIABILITY/*RESPONDEAT SUPERIOR*

70. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, the principal, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

## X. Damages

71. In addition to any damages previously stated hereinabove, the conduct of Defendant has proximately caused Plaintiff past and future monetary loss; past and future mental distress, emotional anguish and a discernable injury to Plaintiff's emotional state; and other damages, evidence for all of which will be presented to the jury. Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff considerable personal time and mental energy, which are precious to him.

72. Defendant's actions at issue have caused and/or exacerbated Plaintiff's negative emotions and mental anguish and distress, including stress, anxiety, migraines, and insomnia, and have caused and amplified the return of Plaintiff's array of negative emotions and distress of having to file and go through bankruptcy, and have caused and/or exacerbated new fears, stress, worry, frustration, uncertainty, anger, defensiveness and anxiety to such a degree to negatively impact his physical well-being and day-to-day life.

73. Additionally, Defendant's constant attempts to collect the discharged debt and harassment of Plaintiff caused him to feel hopeless in that he believed after filing bankruptcy and certainly after receiving a discharge of the subject mortgage debt, he would be protected and would finally have a fresh start and could begin a positive, new chapter in his life. The fact that a large banking institution was continuing to force their way through that by sending him statements with elevating amounts due raised his stress and anxiety levels. He feared Defendant was never going to stop and that Defendant's harassment was something he would just have to carry around with him, like no matter what he tried to do, Defendant wasn't going to leave him alone and that he'd never be able to overcome the hardship.

74. Defendant's actions have left Plaintiff feeling angry, frustrated, resentful and generally upset on a daily basis after having to file bankruptcy in the first place when he felt he had no other choice. No matter what Plaintiff has done to try to get Defendant to cease the collection actions and efforts at issue, Defendant refused to stop the relentless collection efforts and harassment, serving as a constant reminder of the shame he already felt.

75. At all relevant times, Defendant knew, and it continues to know, that, pursuant to an automatic stay and a discharge order granted by a U.S. Bankruptcy Court, included and discharged debts are no longer legally collectible, but Defendant made a corporate decision to act knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect on the debt it knew had been included in the bankruptcy and later discharged as a result of Plaintiff's Bankruptcy Case. Defendant had no right to engage in any of its actions at issue.

76. Plaintiff believes that, after reasonable discovery in this case, he will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff with the actual knowledge that such actions were in violation of the law.

77. Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct at issue here; nevertheless, Defendant, intentionally and knowingly, has refused to correct its policies and comply with applicable laws, of which laws it is well-aware.

78. Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts discharged in bankruptcy. Accordingly, Defendant

is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant. Moreover, Plaintiff's injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

79. Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant's actions at issue were part of Defendant's illegal design, implemented in its policies and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included and discharged in the debtors' respective bankruptcy cases.

80. Due to Defendant's conduct, Plaintiff was forced to hire counsel, and his damages include reasonable attorney's fees incurred in prosecuting his claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Brian Wheeler Smith, prays the Court:

A. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, Plaintiff's privacy rights, the automatic stay and the discharge injunction;

B. Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

C. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

D. Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Respectfully submitted,

*/s/ James J. Manchee*
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
2745 North Dallas Parkway, Suite 420
Plano, Texas 75093
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

**COUNSEL FOR PLAINTIFF**

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 30, 2020          */s/ James J. Manchee*
                                         James J. Manchee